UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIANG VU,

              Petitioner,

     v.

SUPERIOR COURT OF SANTA CLARA COUNTY,

              Respondent.

Case No. 25-cv-09471-HSG

**ORDER VACATING DISMISSAL; REOPENING CASE; DISMISSING ACTION WITH PREJUDICE; DIRECTIONS TO CLERK**

On or about October 22, 2025, Petitioner filed this *pro se* petition for a writ of habeas corpus, which was dismissed without prejudice on February 18, 2026. Dkt. No. 1. For the reasons set forth below, the Court VACATES the February 18, 2026 Order of Dismissal and related judgment; directs the Clerk to REOPEN this action and to refund the $400 overpayment; DISMISSES this petition; and DENIES a certificate of appealability.

**DISCUSSION**

**I.     Procedural Background**

On or about October 20, 2025,[1] Petitioner filed a habeas petition in the Ninth Circuit Court of Appeals. Dkt. No. 1. The Ninth Circuit transferred the petition to this Court. Dkt. No. 2. On February 18, 2026, the Court dismissed this action without prejudice for failure to either pay the filing fee or file a complete *in forma pauperis* application. Dkt. No. 14. On May 4, 2026, the Court received a letter from Petitioner's parent, Cat Thi Ho, with a receipt showing that they had paid a $405.00 filing fee for this case on April 16, 2026. Dkt. No. 20.

---

[1] While the petition was docketed on October 22, 2025, the Ninth Circuit has deemed the petition filed on October 20, 2025, the date the mailing envelope was postmarked. Dkt. No. 2 at 2.

## II.    Reopening Action and Ordering Clerk to Issue Refund

This action was originally closed for failure to either pay the filing fee or file an *in forma pauperis* application.  Dkt. Nos. 14, 15.  Petitioner has now paid the $5 filing fee.  Dkt. No. 20.  The Court therefore ORDERS the Clerk to VACATE the order of dismissal and judgment docketed at Dkt. Nos. 14, 15, and REOPEN this action.

The Court has received $405.00 from Petitioner's parent for the filing fee for this case.  However, this action is an application for a writ of habeas corpus.[2]  The filing fee for an application for a writ of habeas corpus is $5, and no administrative fee is due.  28 U.S.C. § 1914(a)(1) ($5 filing fee for writ of habeas corpus) and Judicial Conference Schedule of Fees, District Ct. Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023) ($52 administrative fee for civil action inapplicable to applications for writ of habeas corpus).  The Court therefore ORDERS the Clerk to refund $400 to Petitioner's parent, Cat Thi Ho.

## III.    Habeas Petition

### A.    Standard of Review

This habeas petition is brought pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2254, depending on whether Petitioner is currently a pretrial detainee awaiting trial on criminal charges or detained pursuant to a civil commitment.  Section 2241 is the proper basis for a habeas petition by a person in state custody who is not held pursuant to the judgment of a State court, such as a pretrial detainee.  *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when Section 2241 applies); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).  Section 2254 is the proper basis for a habeas petition by a person in state custody pursuant to a state court order of civil commitment.  *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (civil commitment satisfies Section 2254's "in custody" requirement); *Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005)

United States District Court
Northern District of California

---

[2] The fee required to commence a civil action is $405, which is comprised of a $350 filing fee and a $55 administrative fee.  28 U.S.C. § 1914 ($350 filing fee for civil actions) and Judicial Conference Schedule of Fees, District Ct. Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023) ($52 administrative fee for civil action).

("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."). Regardless of whether Petitioner seeks habeas relief pursuant to Section 2241 or Section 2254, the writ is only available if his custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a).

### B. Petition

The petition is hard to follow but appears to make the following allegations. Petitioner was charged with sexual crimes against a minor and battery (Cal. Penal Code §§ 243, 288(b), 288.7). Petitioner has been in custody since at least 2021. Between January 1, 2021 and October 20, 2025, Petitioner was represented by five different attorneys: public defender Jame Avarret (Jan. 1, 2021 to Apr. 1, 2021), Michael Vu (April 2, 2021 to Mar. 28, 2022), public defender Laura Petty (Apr. 1, 2022 to Apr. 20, 2023), public defender Christopher Montoya (May 1, 2023 to Feb. 9, 2024 and Feb. 7, 2025 to Feb 14, 2025), and an unnamed public defender (starting Apr. 17, 2025). On December 22, 2021, Petitioner's case was dismissed because the victim did not show up in court and Petitioner was "in jail release on SORP." Despite this, Petitioner was retained in custody. Petitioner's case was set for speedy trial multiple times in late 2022 and early 2023, but the trial was cancelled by Attorney Petty. On April 3, 2023, Petitioner's case commenced with jury selection. On April 12, 2023, the judge informed the district attorney, "I don't see any evidence to Mr. Vu" and the district attorney was unable to produce new evidence. On April 20, 2023, the judge cancelled the trial. Over the next year, nothing happened in Petitioner's case, and Attorney Montoya never took Petitioner's calls and did not do anything that Petitioner requested. On Nov. 4, 2024, Petitioner was sent to the state mental hospital in Kern County but was deemed competent after 80 days. On February 7, 2025, Petitioner returned to court and Attorney Montoya requested that Petitioner undergo psychiatric evaluation. On April 17, 2025, the trial court set up a competency trial, which took place on July 15, 2025. At the trial, three doctors testified. Two of the doctors found Petitioner to be competent. The third doctor described Petitioner as a dreamer with optical illusions, and recommended a two to three year stay in the state mental hospital. Petitioner was sent to a mental hospital. *See generally* Dkt. No. 1.

Petitioner does not challenge the legality or duration of his custody on any specific

3

constitutional or legal grounds.  Petitioner makes the general allegation that his human rights and constitutional rights have been violated and that he is innocent:

> They are using very powerfull, discriminating team, work together, dirty method and oppress "I the people is not guilty," and took off my "human rights" by almost five years sat in jail with four "Nos;"
> 1) No evidence.
> 2) No victim and witnesses.
> 3) No case (dismissed my case).
> 4) No bail allowed.
> . . .
> My "Human Rights" and "Constitutional Rights" have been violated, my case dismissed and mistrial was not by my requested time frame.

Dkt. No. 1 at 16-17.

Petitioner reports seeking review in the California Supreme Court, in Cal. Sup. Ct. C No. S280518, and that review was denied on May 30, 2023.  Dkt. No. 1 at 5.  According to the California Court Case Information System, which can be accessed at https://appellatecases.courtinfo.ca.gov, Cal. Sup. Ct. C No. S280518 was a petition for a writ of habeas corpus; filed on June 14, 2023; and summarily denied on July 19, 2023 for failure to allege sufficient facts with particularity, with a citation to *In re Swain*, 34 Cal.2d 300, 304 (1949).[3]

### C.    Dismissal of Petition as Barred by *Younger* and Unexhausted

The Court presumes that Petitioner brings this habeas petition pursuant to 28 U.S.C. § 2241(c)(3) because he is not challenging the temporary civil commitments in the state mental hospital, but challenging his pretrial detention.  Petitioner appears to challenge his detention on the grounds that (1) there is no evidence to support the charges and the case has been dismissed; (2) he

---

[3] Fed. R. Evid. 201 provides that courts may take judicial notice of facts "not subject to reasonable dispute" that are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).  Here, the Court takes judicial notice of (1) the docket for Cal. Sup. Ct. C No. S280518, *In re Vu (Giang)*, which is available at https://appellatecases.courtinfo.ca.gov, and (2) the docket entries indicating that Petitioner's habeas petition was filed on June 14, 2023, and was denied on July 19, 2023, for failure to allege sufficient facts with particularity, with a citation to *In re Swain*, 34 Cal.2d 300, 304 (1949) because the docket for Cal. Sup. Ct. C. No. S280518, *In re Vu (Giang)*, has a direct relation to the matters at issue.

4

has been wrongfully denied bail; (3) he has been denied his right to a speedy trial; and (4) his attorneys have provided ineffective assistance of counsel.

The Court DISMISSES the petition as barred by *Younger* and unexhausted.

### 1.    *Younger* Abstention

The petition is barred by *Younger*. As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm or absent a showing of the state's "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971). "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding. *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* abstention applies to Section 2241 habeas petitions.[4] *Bean v Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021). *Younger* abstention is appropriate where the pre-conviction habeas petition seeks to vindicate a petitioner's speedy trial affirmative defense because the right to a speedy trial can be vindicated through reversal of the improperly-obtained conviction. *Bean*, 986 F.3d at 1134.

Here, all four criteria for *Younger* abstention are satisfied.

First, the underlying criminal proceedings are pending. Despite the petition's claim that all the evidence against Petitioner was dismissed in December 2021 and that in April 2023, the judge stated that there was "not any evidence to [Petitioner]," Dkt. No. 1 at 8, 10, the criminal proceeding is clearly ongoing. The petition acknowledges that a jury trial has not yet taken place, with the jury dismissed prior to the commencement of trial because the state superior court found that a competency hearing was needed. Dkt. No. 1 at 11-15. According to the docket, during the

---

[4] With respect to Section 2241 petitions brought by pretrial detainees, *Younger* abstention is inappropriate where the pretrial detainee brings a colorable double jeopardy claim or where the pretrial detainee raises a due process challenge in the context of a state civil sexually violent predator proceeding. *Bean*, 986 F.3d at 1133-34. These exceptions are inapplicable here.

pendency of this case, Petitioner has spent time in the state mental hospital, implying that he has not yet, or only recently, been found competent to stand trial.

Second, the state has an important interest in administering its criminal justice system free from federal interference. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

Third, Petitioner can raise in the state courts the claims raised herein by seeking review in the state courts after the conclusion of his criminal proceeding. The state courts have primary responsibility to protect constitutional rights under the federal habeas system. *Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("state courts are the principal forum for asserting constitutional challenges to state convictions."); *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (per curiam) ("The federal habeas scheme leaves primary responsibility with the state courts.").

Fourth, the relief requested has the practical effect of enjoining the state court proceedings because he asks the Court to find that there is insufficient evidence to support the charges against Petitioner, and that the other alleged constitutional violations require his immediate release.

Finally, Petitioner has not made a showing that *Younger* abstention is inappropriate here. Vague and conclusory claims that "they" are working together and using dirty methods against Petitioner, that there is no evidence against Petitioner, and that unnamed witnesses have lied are insufficient to demonstrate harassment or bad faith prosecution, and insufficient to show that Petitioner faces irreparable injury.

### 2.    Failure to Exhaust State Court Remedies

Petitioner has failed to exhaust state court remedies. Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54

United States District Court
Northern District of California

(1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).  Petitioner has not exhausted available state judicial remedies.  Petitioner's 2023 habeas petition filed in the California Supreme Court does not exhaust his state court remedies because the denial of a habeas petition by the California Supreme Court of California with a citation to *In re Swain* is deemed a denial on procedural grounds, leaving state remedies unexhausted.  *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986).  In addition, the petition was filed in mid 2023 and therefore cannot exhaust any claims for which the factual predicate occurred after 2023.  Finally, Petitioner has also failed to show that special circumstances warrant federal intervention before the trial is held and any appeal is completed. Petitioner's alleged constitutional violations are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

### D.    Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### CONCLUSION

For the foregoing reasons, the Court ORDERS as follows.

1.    The Court ORDERS the Clerk to VACATE the order of dismissal and judgment

7

docketed at Dkt. Nos. 14, 15, and REOPEN this action.

2.      The Court ORDERS the Clerk to refund $400 to Petitioner's parent, Cat Thi Ho.

3.      The Court DISMISSES the petition for a writ of habeas corpus as barred by *Younger* and unexhausted; and DENIES a certificate of appealability.

The Clerk shall enter judgment in favor of Respondent and against Petitioner; and close the case.

**IT IS SO ORDERED.**

Dated: May 8, 2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

8